IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO.: 5:09-CV-122 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| AELMINGS HUMAN RESOURCES CORPORATION; JUDGES SECURITY STAFFING, LLC; and TOTAL PROTECTION SERVICES CAROLINAS, LLC, | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Kieshara S. Powell, who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendants, Aelmings Human Resources Corporation, Judges Security Staffing, LLC, and Total Protection Services Carolinas, LLC, (collectively "Defendants"), discharged Powell in retaliation for complaining about employment practices made unlawful by Title VII or that she reasonably believed to be unlawful under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Aelmings Human Resources Corporation has been a North Carolina corporation doing business in the state of North Carolina and the city of Raleigh.

5. At all relevant times, Judges Security Staffing, LLC has been a North Carolina limited liability company doing business in the State of North Carolina and the city of Raleigh.

6. At all relevant times, Total Protection Services Carolinas, LLC, has been a North Carolina limited liability company doing business in the State of North Carolina and the city of Raleigh.

7. At all relevant times, Defendants have operated as an integrated business enterprise. At all relevant times Defendants, jointly and/or severally, have continuously been doing business in the State of North Carolina and the City of Raleigh, and have continuously had at least 15 employees.

8. At all relevant times, Defendants jointly and/or severally, have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Powell filed a charge with the Commission alleging violations of Title VII by Defendant Aelmings Human Resources Corporation. At that time and at all times relevant to the allegations made in the charge of discrimination and in this lawsuit, Defendant Aelmings Human Resources Corporation, Defnedant Judges Security Staffing, LLC and Defendant Total Protection Services Carolinas, LLC operated as a single integrated business enterprise. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Defendants hired Powell on or about September 7, 2004, as an administrative assistant at its Raleigh, North Carolina business location. On or about February 25, 2005, Defendants engaged in an unlawful employment practice at their Raleigh, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Powell because she opposed employment practices made unlawful by Title VII. Specifically, on or about February 18, 2005, Powell complained to Defendants' management about conduct she was subjected to by one of Defendants' male employees which she knew or reasonably believed to constitute sexual harassment. Defendants discharged Powell on or about February 25, 2005 because of, and in retaliation for, her complaint about the sexual harassment.

11. The effect of the practice complained of in paragraph 10 has been to deprive Powell of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

12. The unlawful employment practice complained of herein was intentional.

13. The unlawful employment practice complained of herein was done with malice or with reckless indifference to the federally protected rights of Powell.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests the Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendants, jointly and severally, to institute and carry out policies, practices, and programs that provide equal employment opportunities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants, jointly and severally, to make Powell whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice described herein, including but not limited to reinstatement or front pay.

D. Order Defendants, jointly and severally, to make Powell whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described herein, in amounts to be determined at trial.

E. Order Defendants, jointly and severally, to make Powell whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice described herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants, jointly and severally, to pay Powell punitive damages for their malicious and reckless conduct, as described herein, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 26th day of March, 2009.

> Respectfully submitted,
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> 131 M Street, NW
> Washington, D.C. 20507
>
> s/ Lynette A. Barnes
> LYNETTE A. BARNES
> Regional Attorney
>
> TINA BURNSIDE
> Supervisory Trial Attorney
>
> s/ Randall D. Huggins
> RANDALL D. HUGGINS (OK 17875)
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> Charlotte District Office
> 129 West Trade Street, Suite 400
> Charlotte, North Carolina 28202
> Telephone: 704.344.6889
> Facsimile: 704.344.6780
> E-mail: randall.huggins@eeoc.gov
>
> ATTORNEYS FOR PLAINTIFF